UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

JOSEPH HENRY,                                    :
                                                 :     CASE NO.:
            Plaintiff,                           :
                                                 :     Judge:
vs.                                              :
                                                 :     Magistrate:
AMSM PROPERTIES, LLC; and                        :
THE CLEANING MILL BY CALI CORP.,                 :
                                                 :
            Defendants,                          :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, JOSEPH HENRY, by and through his undersigned counsel, hereby files this Complaint and sues AMSM PROPERTIES, LLC, and THE CLEANING MILL BY CALI CORP. (hereinafter collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.     This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff, JOSEPH HENRY, (hereinafter referred to as "MR. HENRY"), is a person of the age of majority and a citizen of the State of Louisiana.

5.      MR. HENRY resides in Orleans Parish, Louisiana.

6.      MR. HENRY is a qualified individual with a disability under the ADA and the LCHR. MR. HENRY has paraplegia.

7.      Due to his disability, MR. HENRY is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8.      Upon information and belief, AMSM PROPERTIES, LLC is a Louisiana Limited Liability Company, doing business in Jefferson Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: a Shopping center containing the Shyan's Restaurant, and The Cleaning Mill – 3320 - 3402 Houma Blvd, Metairie, LA 70006 (hereinafter referred to as "the Property").

9.      Upon information and belief, THE CLEANING MILL BY CALI CORP is a Louisiana Corporation, doing business in Jefferson, is also the owner of the Property.

10.     Upon information and belief, the Property is a shopping center.

11.     Mr. HENRY has visited the Property to purchase food.

12.     DEFENDANTS are obligated to comply with the ADA and the LCHR.

13.     All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14.  MR. HENRY realleges and reavers all preceding paragraphs as if they were expressly restated herein.

15.  The Property is a place of public accommodation, subject to the ADA, generally located at: 3320-3402 Houma Blvd, Metairie, LA 70006.

16.  Upon information and belief, MR. HENRY has visited the Property and desires to visit the Property again in the future.

17.  During this visit, MR. HENRY was unable to access the Property primarily due to the complete lack of designated-accessible parking spaces and an impermissibly constructed curb ramp that is blocked by parked cars, which made it dangerous for MR. HENRY to enter the Property.

18.  MR. HENRY continues to desire to visit the Property but will continue to experience serious difficulty due to the multiple physical barriers he encountered, which are still the case.

19.  MR. HENRY lives within close geographic proximity of the Property. MR. HENRY'S home is less than six (6) miles from the Property.

20.  MR. HENRY plans on returning to the Property, but fears that he will encounter the same barriers to access which are the subject of this action.

21.  Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. HENRY due to, but not limited to, the following violations which exist at the Property:

   I.   UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A. The Property completely lacks designated-accessible parking spaces;

B. The curb ramp at the Property is impermissibly narrow, contains an impermissible slope, and is blocked by parked cars;

C. The designated-accessible parking space at the Property lacks vertical signage; and

D. Other mobility-related ADA barriers to be identified following a complete inspection.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

24. Upon information and belief, removal of the barriers to access located on the Property would provide MR. HENRY with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. MR. HENRY has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HENRY is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

26. MR. HENRY repeats and realleges all preceding paragraphs in support of this claim.

27. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

28. At all times relevant to this action, MR. HENRY has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

29. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

30. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

31. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

32. DEFENDANTS discriminated against MR. HENRY, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in this Complaint.

33. MR. HENRY deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

34. MR. HENRY is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. HENRY demands judgment against DEFENDANTS, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANTS, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. HENRY pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. HENRY pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, LLC**

6

*Attorney for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com